NO. 07-01-0151-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 21, 2002

_____

WALTER BURTON HAWKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 268TH DISTRICT COURT OF FORT BEND COUNTY;

NO. 33,578; HONORABLE I. ALLAN LERNER, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

**ABATEMENT AND REMAND**

Pursuant to a not guilty plea, appellant Walter Burton Hawkins was found guilty of (1) aggravated kidnapping with an affirmative finding on use of a deadly weapon and punishment was assessed at ten years, probated, and (2) guilty of aggravated assault with an affirmative finding on use of a deadly weapon and punishment was assessed at five

years confinement. Appellant timely perfected this appeal. The clerk's record and reporter's record have both been filed, as well as appellant's brief.

By its third motion for extension of time to file its brief, the State asserts that the reporter's record does not contain appellant's statement but instead mistakenly includes exhibit number 34 which is the statement of appellant's co-defendant, Donald Thompson. The State further asserts that although counsel for both parties agree that appellant's statement was admitted into evidence and mistakenly omitted from the reporter's record, they are unable to agree to correct the record by agreement according to Rule 34.6(e)(1) of the Texas Rules of Appellate Procedure. Pursuant to Rule 34.6(e)(3), the State requests that the court reporter be ordered to conform the record to what occurred at trial. Rule 34.6(e)(3) provides that after the reporter's record has been filed in this Court, we may submit a dispute regarding the record to the trial court for resolution. Thus, we now abate this appeal and remand the cause for further proceedings.

Upon remand the trial court shall cause Edward J. Meaux, Official Court Reporter of the 268th District Court, to correct the inaccuracy or omission in the reporter's record to reflect exhibit number 34 as appellant's voluntary statement, which was admitted into evidence without objection at volume 5, page 23 of the reporter's record and read aloud to the jury. The trial court shall also direct that the reporter file a supplemental reporter's record including the replacement exhibit with the Clerk of this Court by Monday, April 22,

2002. Further, the State's motion for extension of time in which to file its brief is granted and the brief is due 30 days from the date of reinstatement of this appeal.

It is so ordered.

Per Curiam

Publish.